UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ENRIQUE ALEAGA PEREZ,<br>Petitioner,<br>v.<br>WARDEN, CENTRAL VALLEY ANNEX.,<br>Respondent. | No. 1:26-cv-06593-DAD-SCR<br><br><u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT</u><br><br>(Doc. Nos. 1, 2) |

On August 18, 2026, petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for a temporary restraining order ("TRO"). (Doc. No. 2). On August 19, 2026, this court ordered respondent to file a response to petitioner's TRO motion and directed respondent to indicate whether it opposed this court from also ruling on the underlying habeas petition based upon the briefing currently before it. (Doc. No. 4.) Respondent filed a response explaining that 8 U.S.C. § 1226(a) governed petitioner's current detention in light of the recent Ninth Circuit decision in *Rodriguez Vazquez v. Bostock*, – F.4th –, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026). (Doc. No. 6 at 1.) Respondent did not state that it opposes this court ruling on petitioner's underlying habeas petition at this time and the court will do so.

/////

The facts of this case are these. Petitioner is a citizen of Cuba. (Doc. No. 1 at 1.) Petitioner states that he arrived in the United States in July 2022, and was detained by immigration officials, but then released on his own recognizance. (*Id.*) He has an asylum petition pending. (*Id.*) Thereafter, petitioner was re-detained by immigration authorities in 2026, and he remains in immigration custody. (*Id.*) As noted above, respondent recognizes that petitioner's current immigration detention is governed by § 1226(a) pursuant to the binding decision in *Rodriguez Vazquez*. (Doc. No. 6 at 1.)

Respondent states that, after *Rodriguez Vasquez*, it conducted a custody re-determination and scheduled a bond hearing for petitioner. However, no post-deprivation process can remedy the pre-detention violation that occurred when respondent re-detained petitioner without first conducting a pre-detention hearing. *See Gudavasov v. Marin*, No. 5:26-cv-00541-AH-MBK, 2026 WL 712827, at *3 (C.D. Cal. Mar. 9, 2026) (citing cases and noting that "a post-detention bond hearing is insufficient to cure a violation of procedural due process arising from detention without a pre-deprivation hearing").[1] Thus, petitioner is entitled to habeas relief in the form of an order requiring his immediate release.

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
   a. Respondent is ORDERED to immediately release petitioner Daniel Enrique Aleaga Perez, A-File No. 241-679-821, from respondent's custody;

/////

---

[1] The court recognizes that petitioner filed unsuccessful habeas petitions in the U.S. District Court for the Southern District of Florida. However, both of those habeas actions were dismissed without prejudice and therefore have no impact on this court's disposition of this case. The first such habeas action was dismissed without prejudice to the filing of a civil rights complaint as opposed to a habeas petition because petitioner was raising an issue related to his conditions of confinement. The second habeas action was dismissed because petitioner had failed to file a civil rights complaint as directed and instead proceeded again by way of habeas petition in challenging the conditions of his confinement. (Doc. Nos. 6-4.)

b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and hearing before an immigration judge where respondents will have the burden of establishing that petitioner is either a flight risk or danger to the community by clear and convincing evidence;

2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting his habeas petition on the merits;

3. The Clerk of the Court is directed to serve a copy of this order on the warden of the Central Valley Annex; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **August 27, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE